

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLYN DON HAMMONTREE,<br><br>Defendant. | CR 15-27-BLG-SPW-01<br><br>OPINION and ORDER |

Defendant Franklyn Hammontree moves to dismiss the Indictment based on pre-indictment delay. For the following reasons, the Court denies the motion.

## I. Background

On March 20, 2015, Hammontree was indicted for conspiracy to distribute methamphetamine and distribution of methamphetamine. In support of the Indictment, the government alleges that Hammontree distributed methamphetamine in June 2011. This alleged drug deal occurred in the midst of a string of criminal conduct by Hammontree.

Hammontree was located in a motel room holding a baggie of methamphetamine in October 2010.[1] On April 15, 2011, the State of Montana charged Hammontree with Criminal Possession of Dangerous Drugs. Hammontree

---

[1] Hammontree's criminal history is taken from the Presentence Report prepared in connection with Hammontree's prior federal conviction. (Doc. 81).

1

pled guilty to the charge on September 20, 2011. Around two weeks later, Hammontree was charged with assault. The state court sentenced Hammontree to a two-year deferred sentence on his state drug charge on February 13, 2012. Hammontree was sentenced on his assault charge in March 2012 and ordered to pay a fine and restitution.

Hammontree absconded from his state probation in the summer of 2012, which prompted the state court to issue an arrest warrant. On September 27, 2012, the Montana Violent Offender Task Force located Hammontree at a local hotel. The police found a handgun and two loaded magazines with Hammontree's belongings. Hammontree was arrested and held in custody.

The federal grand jury indicted Hammontree for being a felon in possession of a firearm in October 2012. Hammontree pled guilty and on September 19, 2013, he received a 15-month sentence to be followed by three years of supervised release. At his sentencing, Hammontree had four criminal history points: One from his state drug conviction, one from his assault conviction, and two for being under supervision when he possessed the firearm. Hammontree began serving his supervised release on September 30, 2014. By November 2014, Hammontree had consumed alcohol and methamphetamine. The United States Probation Office filed a noncompliance report and did not ask the Court to revoke Hammontree's term of supervised release. In March 2015, the government sought and obtained

the instant Indictment for the alleged June 2011 drug deal. The offense alleged in the Indictment carries a five year mandatory minimum sentence.

## II. Analysis

Hammontree moves to dismiss the Indictment and argues that the time between the alleged offense conduct and the grand jury's issuance of the Indictment constitutes impermissible pre-indictment delay. Without providing a specific reason, Hammontree asserts that the delay in the indictment prejudiced his ability to defend the allegations. Hammontree also contends that had he been arrested when the alleged offense occurred, the mandatory minimum would not apply as he would have been safety valve eligible. *See* 18 U.S.C. § 3553(f). Instead, Hammontree became ineligible for the safety valve after being sentenced for assault in March 2012, as a defendant with more than one criminal history point cannot benefit from the safety valve. 18 U.S.C. § 3553(f)(1). In essence, Hammontree argues that the government had a duty to save him from himself. The government counters that any prejudice is speculative. Further, the government claims that it did not delay Hammontree's indictment to gain an unfair tactical advantage.

"Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). Hammontree does not contest that the charges were

3

brought within the applicable statute of limitations. However, there may be circumstances where the government violates the Fifth Amendment's Due Process Clause within the statute of limitations period as a result of excessive pre-indictment delay. *Id.*

To succeed on a pre-indictment delay argument, the defendant must meet both prongs of a two-part test. *Id.* First, the defendant must prove "actual, non-speculative prejudice from the delay." *Id.* (citation omitted). This prong "is a heavy burden that is rarely met." *Id.* (citation omitted). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995). Instead, the defendant must present "definite and non-speculative evidence" that missing evidence has meaningfully impaired his ability to defend himself and is prejudicial to his case. *Corona-Verbera*, 509 F.3d at 1112. Generally, "protection from lost testimony falls solely within the ambit of the statute of limitations." *Id.* at 1113.

For the second prong, the defendant must "show that the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989). The defendant must prove that the government delayed the indictment to gain an unfair "tactical

advantage over the accused." *United States v. Lovasco*, 431 U.S. 783, 795 (1977). Prosecutors "have wide latitude to decide when to seek an indictment," and an ongoing investigation is a legitimate reason for delay. *Sherlock*, 962 F.2d at 1355.

Hammontree fails to show any prejudice to his ability to defend against the allegations. He does not point to any "definite and non-speculative" reason why his defense is impaired. *Corona-Verbera*, 509 F.3d at 1112. Hammontree's vague assertion is insufficient to meet the heavy burden of showing actual prejudice. *Manning*, 56 F.3d at 1194.

The Court also finds that Hammontree cannot satisfy the test with his sentencing-related argument. Even if Hammontree suffered non-speculative prejudice from the now mandatory application of the statutory minimum, he cannot meet the second prong of the test. Hammontree offers no evidence that the government purposefully delayed the indictment to gain an unfair tactical advantage. There is no evidence to support an implication that the government sought to delay the indictment until after March 2012 to allow Hammontree to earn his second criminal history point and therefore become ineligible for the safety valve.

Absent any evidence to the contrary, the Court accepts the government's explanation that it delayed the indictment not to gain a tactical advantage but rather because indicting Hammontree was not a priority due to his continued

incarceration or supervision since February 2012. Hammontree cannot blame the government for his crimes committed after the alleged June 2011 drug deal. The Court finds that Hammontree has not met his burden of proving that the government purposefully delayed the indictment with the intent to allow Hammontree to continue to commit crimes and earn a second criminal history point, thereby becoming ineligible for the safety valve.

## III. Conclusion

Hammontree does not show that the delay in his indictment "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Sherlock*, 962 F.2d at 1353-54. Accordingly, IT IS HEREBY ORDERED that Hammontree's Motion to Dismiss for Prejudicial Pre-Indictment Delay (Doc. 77) is DENIED.

DATED this 20th day of June, 2016.

SUSAN P. WATTERS
United States District Judge